JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Greg Morrett

**(b)** County of Residence of First Listed Plaintiff: Denver County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Esq.-Law Offices of Eric A. Shore, P.C.
1500 JFK Bouleward, Suite 1240, Philadelphia, PA 19102
267.546.0131

## DEFENDANTS

Brightview Landscapes, LLC

County of Residence of First Listed Defendant: Montgomery County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Adam R. Roseman, Esq.-Greenberg Traurig, LLP
1717 Arch Street, Suite 400, Philadelphia, PA 19103
215.988.7826

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**

Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit (15 USC 1681 or 1692)
- ☐ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing ***(Do not cite jurisdictional statutes unless diversity)***:
28 U.S.C. § 1332

Brief description of cause:
Age discrimination under NJ LAD and Workers' Compensation Retaliation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):* JUDGE ____ DOCKET NUMBER ____

DATE: Mar 11, 2025

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related cases, if any. If there are related cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: N/A

***RELATED CASE IF ANY:*** Case Number:______________________ Judge:________________________________

1. Does this case involve property included in an earlier numbered suit? Yes ☐
2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit? Yes ☐
3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit? Yes ☐
4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual? Yes ☐
5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation. Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ **is** / ☒ **is not** related to any pending or previously terminated action in this court.

**Civil Litigation Categories**

***A. Federal Question Cases:***

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Wage and Hour Class Action/Collective Action
- ☐ 6. Patent
- ☐ 7. Copyright/Trademark
- ☐ 8. Employment
- ☐ 9. Labor-Management Relations
- ☐ 10. Civil Rights
- ☐ 11. Habeas Corpus
- ☐ 12. Securities Cases
- ☐ 13. Social Security Review Cases
- ☐ 14. Qui Tam Cases
- ☐ 15. Cases Seeking Systemic Relief ***see certification below***
- ☐ 16. All Other Federal Question Cases. *(Please specify)*:______________________________

**B. *Diversity Jurisdiction Cases:***

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury (*Please specify*):________________
- ☐ 7. Products Liability
- ☒ 8. All Other Diversity Cases: *(Please specify)* Age discrimination

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☒ **does not** have implications beyond the parties before the court and ☐ **does** / ☒ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☒ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| GREG MORRETT,<br><br>Plaintiff,<br><br>v.<br><br>BRIGHTVIEW LANDSCAPES, LLC and BRIGHTVIEW HOLDINGS, INC.,<br><br>Defendants. | : | Civil Action No.: _______________ |

**NOTICE OF REMOVAL**

**TO: THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants BrightView Landscapes, LLC ("BrightView Landscapes") and BrightView Holdings, Inc. ("BrightView") (collectively "Defendants"), by and through their attorneys, Greenberg Traurig, LLP, hereby give notice of removal of the above-captioned action, *Greg Morrett v. BrightView Landscapes, LLC and BrightView Holdings, Inc.,* Docket No.: 2025-03411 (the "State Court Action"), from the Court of Common Pleas of Montgomery County, Pennsylvania (the "State Court"), to the United States District Court for the Eastern District of Pennsylvania.

Plaintiff Greg Morrett ("Plaintiff" or "Mr. Morrett") commenced the State Court Action by filing a Complaint on February 17, 2025.

Defendants deny any liability to Mr. Morrett, including in connection with the contemplated claims, and files this Notice of Removal to federal court without waiving any

defenses, exceptions, or arguments for motion practice and/or dismissal (whether under Rule 12 of the Federal Rules of Civil Procedure or otherwise) that may exist in their favor.[1]

## **PROCEDURAL BACKGROUND**

1. The addresses of the named parties are as follows:

a. Mr. Morrett alleges that he resides at 300 South Clinton Street, 3C, Denver, CO 80247.

b. BrightView Landscapes is organized under the laws of the State of Delaware and has its principal place of business at 980 Jolly Road, #300, Blue Bell, PA 19422. BrightView Landscapes sole member is BrightView.

c. BrightView is organized under the laws of the State of Delaware and has its principal place of business at 980 Jolly Road, #300, Blue Bell, PA 19422.

2. Mr. Morrett commenced this action on February 17, 2025, by filing a Notice to Defend, Civil Cover Sheet, Complaint and Jury Demand (the "Complaint" or "Compl.") in the Court of Common Pleas of Montgomery County, Pennsylvania, captioned as *Greg Morrett v. BrightView Landscapes, LLC and BrightView Holdings, Inc.,* Case No.: 2025-03411. A true and correct copy of the Complaint is attached as **Exhibit A.**

3. According to the Return of Service filed in the State Court Action, Mr. Morrett served Defendants with a Notice to Defend and copy of the Complaint on February 20, 2025. *See* **Exhibit B.**

---

[1] A removing defendant is only required to provide a "short and plain statement" of the bases for removal and need not present or plead evidentiary detail. *Dart Cherokee Basin Operating Co., LLC v. Owens,* 574 U.S. 81, 83 (2014).

**THE COMPLAINT**

4. In his Complaint, Mr. Morrett alleges claims against BrightView Landscapes and BrightView for age discrimination under the New Jersey Law Against Discrimination ("NJLAD") and workers' compensation retaliation under New Jersey's Workers' Compensation Act. *See* Compl., Ex. A at ¶¶ 16-23.

**TIMELESS**

5. Defendants received a copy of the Complaint in the State Court Act on February 20, 2025.

6. Defendants have not previously filed a Notice of Removal with this Court. Defendants are filing this Notice of Removal within thirty (30) days of service of the Notice of Demand and Complaint. Accordingly, this Notice of Removal is timely under 28 U.S.C. § 1446(b). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354 (1999).

7. Since Mr. Morrett filed this Complaint, no proceedings have been held in the Court of Common Pleas of Montgomery County, Pennsylvania.. A Notice of Demand and Complaint, and Affidavits of Service—copies of which are attached hereto as Exhibit A and B, respectively—constitute the entirety of the process, pleadings, and orders that Defendants have received in this case to date. *See* 28 U.S.C. § 1447(b).

**GROUNDS FOR REMOVAL**

8. Section 1441(a) of Title 28 of the United States Code provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant…to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

9. Federal district courts have original jurisdiction over all civil actions between citizens of different states where the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

10. Defendants may remove this case to this Court in accordance with 28 U.S.C. §§ 1332 and 1441 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because Defendants and Mr. Morrett are citizens of different states. *See* 28 U.S.C. § 1332.

**There is Diversity of Citizenship**

11. Plaintiff is a citizen of the State of Colorado. *See* Compl., Ex. A at ¶ 1.

12. Under 28 U.S.C. § 1332(c)(1), a corporation is "a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

13. BrightView Landscapes and BrightView are incorporated in Delaware and have their principal places of business in Pennsylvania. BrightView Landscapes and BrightView are therefore citizens of Delaware and Pennsylvania. *See GBForefront, L.P. v. Forefront Mgmt. Grp., LLC,* 888 F.3d 29, 34 (3d Cir. 2018) ("The citizenship of a corporation is both its state of incorporation and the state of its principal place of business…[A] limited liability company is a citizen of all the states of its members.").

14. Accordingly, complete diversity of citizenship exists between Mr. Morrett and Defendants.

**Amounts in Controversy**[2]

15. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Jones v. Gemalto, Inc.,* No. 15-00673, 2015 WL 3948108, at *3 (E.D. Pa. June 29, 2015) (citing *Owens,* 574 U.S. 84). "Absent a challenge from the plaintiff, the court must accept the amount asserted in the notice of removal." *Owens,* 574 U.S. at 88.

16. Mr. Morrett seeks, *inter alia,* compensatory damages (including back pay and front pay), noneconomic compensatory damages (which includes emotion distress damages), punitive damages, interest, equitable relief, attorneys' fees and costs, and enhanced attorneys' fees and costs. *See* Compl., Ex. A the unnumbered WHEREFORE clauses following Count II.

17. Mr. Morrett alleges that his total damages are in excess of $150,000. *See* Compl., Ex. A, the unnumbered WHEREFORE clauses following Count II.

18. Mr. Morrett also seeks attorneys' fees, which are considered when determining the amount in controversy for claims under the NJLAD. *See Suber v. Chrysler Corp.,* 104 F.3d 578, 585 (3d Cir. 1997); N.J.S.A. 10:5-27.1.

19. Mr. Morrett's request for noneconomic compensatory damages (*i.e.,* emotional distress damages) is also considered when determining the amount in controversy. *See Yucis v. Sears Outlet Stores, LLC,* 813 F. App'x 780, 783 n.2 (3d Cir. 2020). Courts have awarded "garden variety" compensatory damages under NJLAD in excess of $75,000. *See e.g., Cuevas v. Wentworth Grp.,* 226 N.J. 480 (2016) (in NJLAD discrimination case, upholding award of garden variety compensatory damages in excess of $75,000).

---

[2] This Notice of Removal relies on the nature and amount of damages that Mr. Morrett's Complaint places in controversy. Defendants refer to specific damage amounts and cites comparable cases solely to establish the amount in controversy exceeds the jurisdictional minimum. Defendants maintains that Mr. Morrett's claims lack merit and that Defendants are not liable to Mr. Morrett for any amount whatsoever.

20. Mr. Morrett seeks punitive damages, which are available under the NJLAD. N.J.S.A. 10:5-3. Under New Jersey law, prevailing plaintiffs may recover punitive damages up to the greater of $350,000 or five times the amount in compensatory damages. *Id.;* N.J.S.A. 2A-15-5.14. In the Third Circuit, a "request for an unspecified amount of punitive damages"—which Mr. Morrett makes here—"will generally satisfy the amount in controversy requirement because it cannot be stated to a legal certainty that the value of plaintiff's claims is below the statutory minimum." *Nautilus Ins. Co. v. Triple C Const., Inc.*, No. 10-cv-2164 RBK JS, 2011 WL 42889, at *3 (D.N.J. Jan. 6, 2011) (citation and internal quotation omitted).

21. Accordingly, the amount in controversy in this action plausibly exceeds $75,000.

## ALL OTHER REMOVAL PREREQUISITES HAVE BEEN SATISFIED

22. As established above, in accordance with 28 U.S.C. § 1446(b), this Notice of Removal is timely.

23. The State Court Action was filed in the Court of Common Pleas of Montgomery County, Pennsylvania, which is embraced by the federal judicial district of the United States District Court for the Eastern District of Pennsylvania. Thus, venue properly lies at this time in the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1441(a).

## SERVICE ON THE STATE COURT

24. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on Mr. Morrett, and a copy of the Notice of Removal will be filed with the Clerk of the Court of Common Pleas of Montgomery County, Pennsylvania, where the suit has been pending.[3]

---

[3] A true and correct copy of the Notice of Filing of Notice of Removal that will be filed with the State Court is attached as **Exhibit C.**

**NO ADMISSION OF LIABILITY**

25. By this filing, Defendants do not admit any liability, do not concede the accuracy of Mr. Morrett's allegations or purported facts set forth in the Company, do not contend that the Complaint adequately pleads any cause of action, and do not concede that Mr. Morrett is entitled to any relief sought in the Complaint or any relief of any kind. Defendants reserve all rights in responding to the Complaint.

26. WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and in conformity with the requirements set forth in 28 U.S.C. § 1446, Defendants hereby remove this action to the United States District Court for the Eastern District of Pennsylvania and respectfully request that the Court of Common Pleas of Montgomery County, Pennsylvania, proceed no further with respect to this case in accordance with 28 U.S.C. § 1446.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

Dated: March 11, 2025

*/s/ Adam R. Roseman*

Adam R. Roseman, Esq.
1717 Arch Street, Suite 400
Philadelphia, PA 19103
rosemana@gtlaw.com
Phone: 215.988.7826

*Attorneys for Defendants BrightView Landscapes, LLC and BrightView Holdings, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on March 11, 2025, I caused a true and correct copy of the NOTICE OF REMOVAL, via email and CM/ECF system that will serve attorneys of record upon filing, and electronic mail, upon Plaintiff Greg Morrett's attorney of record at the following email addresses:

Graham F. Baird, Esq.
LAW OFFICES OF ERIC A. SHORE, P.C.
Two Penn Center
1500 JFK Boulevard, Ste. 1240
Philadelphia, PA 19102
(215) 627-9999
GrahamB@ericshore.com
*Attorney for Plaintiff*

*s/ Adam R. Roseman*
Adam R. Roseman, Esq.