**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **GREG MORRETT,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Civ. No. 25-1309** |
| | : | |
| **BRIGHTVIEW** | : | |
| **LANDSCAPES, LLC, *et al.*,** | : | |
| **Defendants.** | : | |

**O R D E R**

Greg Morrett brings age discrimination claims against his former employer, Brightview Landscapes. (Doc. No. 1.) Morrett—proceeding under New Jersey law—does not dispute that he previously forfeited his claims under Pennsylvania and federal law. Because Pennsylvania law governs this dispute, Morrett may not circumvent this failure. Moreover, Morrett's claims are also time barred because he has not tolled the running of the limitations clock. I will thus grant the Defendant's Motion for Summary Judgment.

## I. BACKGROUND

I have construed the facts and resolved all factual disputes in Morrett's favor.

Morrett is a Colorado resident who began working for Defendants in March 2020. (Doc. No. 1-1 at 8-10.) Each Defendant—a parent corporation and its subsidiary—is incorporated in Delaware with its principal place of business in Pennsylvania. (Id.) On February 19, 2021, Morrett slipped and fell while working for Defendants at a New Jersey landscaping site. (Id.) He subsequently filed a worker's compensation claim and did not return to work for nine months. (Id.) On May 13, 2022, Defendants informed Morrett that "his position was being eliminated due to 'company losses.'" (Id.)

In his initial briefing, Morrett omitted the tortured procedural history of this dispute. On

October 31, 2022, Morrett filed an age discrimination claim with both the Pennsylvania Human Relations Commission and the Equal Opportunity Employment Commission. (Doc. No. 6-3 at 4.) The EEOC issued a right to sue letter on March 1, 2023, but Morrett—who is represented by counsel—failed to file suit within the required 90 days. (Id.) On January 26, 2024, Morrett filed suit in the District of New Jersey, alleging diversity jurisdiction and proceeding under the New Jersey Law Against Discrimination—which has no administrative exhaustion requirement. Morrett v. Brightview Holdings, Inc., No. 24-489 (D.N.J.). On January 30, 2024, Judge Robert Kugler noted that Morrett had not properly pled diversity jurisdiction and ordered him to file an amended complaint within fourteen days. (Id. ECF No. 3.) On March 5, 2024, after Morrett failed to submit anything, Judge Kugler dismissed the Complaint. (Id. ECF No. 4.)

That same day, Morrett filed suit in New Jersey state court, and Brightview timely removed to the District of New Jersey. Morrett v. Brightview Holdings, Inc., No. 24-4879 (D.N.J.). On December 26, 2024, after Morrett failed to respond to Brightview's contention that the court lacked personal jurisdiction, Judge Christine O'Hearn dismissed the Complaint. See id. (Doc. No. 24. ("Plaintiff fails to respond to any of Defendant's arguments regarding personal jurisdiction and offers no additional facts sufficient to establish personal jurisdiction.")).

On February 17, 2025, Morrett filed suit in Pennsylvania state court. (Doc. No. 1-1.) Interestingly, he again pled only violations of the NJLAD. On March 11, 2025, Defendants removed to this Court and moved to dismiss, which Morrett opposed. (Doc. Nos. 6, 7.) Attached to each Parties' briefs were exhibits and affidavits. Accordingly, I informed the Parties that I would treat Defendants' Motion as one for Summary Judgment. (See Doc. No. 11 (advising the Parties to submit any additional material pursuant to Fed. R. Civ. P. 12(d)). In response, the Parties conducted minimal discovery. Brightview submitted only an affidavit from a Human Resources

Manager. (Doc. No. 12.) In opposing summary judgment, Morrett submitted—almost a week after the deadline—a short affidavit regarding his termination. (Doc. No. 13.) The matter is fully briefed. (Docs. No. 1, 6, 7, 8, 12, 13.)

## II. LEGAL STANDARD

Upon motion of any party, summary judgment is appropriate "if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). I "must view the facts in the light most favorable to the non-moving party," and take every reasonable inference in that party's favor. Hugh v. Butler Cnty. Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005).

The moving party must initially show the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). An issue is material only if it could affect the result of the suit under governing law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The opposing party must then support each essential element with concrete evidence in the record. See Celotex, 477 U.S. at 322-23; Jones v. UPS, 214 F.3d 402, 407 (3d Cir. 2000) (requiring more than "unsupported allegations" to defeat summary judgment); Hugh, 418 F.3d at 267 ("[T]he non-moving party cannot solely rest upon her allegations.")

## III. DISCUSSION

Morrett urges his claims are timely because New Jersey law provides that they were tolled during his two previous lawsuits. Defendants counter that Morrett's claims are time-barred because Pennsylvania law applies and would not permit equitable tolling in these circumstances.

I agree with the Defendants that Pennsylvania law applies. That determination concludes this dispute: Morrett's entire Complaint is brought under New Jersey law. In the alternative, even if New Jersey law applied, Morrett's claims are nonetheless plainly time-barred.

a. Choice of Law

Morrett does not dispute that he originally dual-filed a complaint with the EEOC and the Pennsylvania Human Relations Commission on October 31, 2022. (Doc. No. 6-3 at 4.) Nor does he contest that those claims are now time-barred after he failed to take further action. See Fed. R. Civ. P. 56(e)(2) ("If a party . . . fails to address another party's assertion of fact as required by Rule 56(c), the court may . . . consider the fact undisputed for the purposes of the motion."). Morrett next pursued his NJLAD claims in the District of New Jersey—which twice dismissed his Complaint, first for want of subject matter jurisdiction, then for lack of personal jurisdiction.

With his attempts to litigate in New Jersey thwarted, Morrett filed suit in Montgomery County Common Pleas Court. Having forfeited his claims under federal and Pennsylvania law, Morrett again alleged only violations of New Jersey law. Because Defendants invoked diversity jurisdiction when they removed to this Court, I must apply the choice of law rules of the forum state. Here, Pennsylvania's choice of law rules do not permit Morrett to circumvent his history of defective pleading and dilatory conduct by bringing this action.

"[T]he first step in a choice of law analysis under Pennsylvania law is to determine whether an actual conflict exists between the laws of the competing states . . . . [A]n actual conflict exists if 'there are relevant differences between the laws.'" Aqua Pharms, LLC v. Park Irmat Drug Corp., No. 17-2273, 2018 WL 2288287, at *2 n.3 (E.D. Pa. May 17, 2018) (quoting McDonald v. Whitewater Challengers, Inc., 116 A.3d 99, 106 (Pa. Super Ct. 2015)). In conducting a choice of law analysis involving a plaintiff proceeding under the NJLAD, Judge Wolson correctly observed:

> An actual conflict exists here because the NJLAD does not require a plaintiff to exhaust any administrative remedies before bringing suit, but the Pennsylvania Human Relations Act does. This is a true conflict because the failure to exhaust could foreclose [Plaintiff] from bringing employment discrimination claims under the PHRA.

McBride v. Entercom Communications Corp., No. 20-3921, 2020 WL 12740574, at *2 (E.D. Pa. Oct. 15, 2020). Accordingly, a true conflict exists here—a conclusion that is not weakened by Morrett's previous failure to file suit within 90 days of receiving a Right to Sue Letter.

I must next examine: "(1) the contacts the parties have with the relevant jurisdictions and (2) the interests of the various jurisdictions in having their particular state law applied to [this dispute]." Lyon v. Caterpillar, Inc., 194 F.R.D. 206, 212 (E.D. Pa. 2000) (citing Griffith v. United Air Lines, Inc., 203 A.2d 796, 806 (1964). Both factors favor applying Pennsylvania law.

In his Complaint, Morrett—a Colorado resident—conceded that venue was proper in Pennsylvania "because Defendants conduct business in this county, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this county." (Doc. No. 1-1 at 8-9.) Moreover, the District of New Jersey has rejected Morrett's arguments that Defendants had sufficient contacts with that state. See Order on MTD, Morrett v. Brightview Holdings, Inc., No. 24-4879 (D.N.J. Dec. 26, 2024) ("Plaintiff does not include any details regarding what facts he would or could allege to overcome Defendant's allegations that there is no general or specific jurisdiction.") This prong thus favors the application of Pennsylvania law. So too does the second factor. Both Defendants have their principal place of business in Pennsylvania, which plainly has the stronger interest in having its law applied to ensure that its exhaustion requirements are enforced.

Accordingly, I will apply Pennsylvania law to this dispute. Because Morrett' claims are time-barred under Pennsylvania law, he cannot relitigate them now under the guise of the NJLAD. See McBride, 2020 WL 12740574, at *2 ("[Plaintiff] cannot maintain any of her claims under the New Jersey Law Against Discrimination because New Jersey law does not apply.").

b. Statute of Limitations

In the alternative, even if I were to apply New Jersey law, Morrett's claims are still time-barred.

The statute of limitations for actions under the NJLAD is two years. Langan v. Starbucks Corp., No. 23-5056, 2025 WL 1719290 (D.N.J. June 20, 2025). Morrett was terminated on May 13, 2022. (Doc. No. 1-1 at 9.) He filed the instant suit in Montgomery County Common Pleas Court on February 17, 2025. (Id.) To excuse this delay, Morrett urges that the limitations clock should be equitably tolled because he timely filed his two previous suits in New Jersey. (Doc. No. 7 at 6-8.) I disagree.

Equitable tolling may apply "where a plaintiff has timely asserted his rights mistakenly by either defective pleading or in the wrong forum." Barron v. Gersten, 277 A.3d 502, 504 (App. Div. 2022). In pleading the applicability of this exception, however, Morrett nowhere urges that he filed in New Jersey by mistake. To the contrary, he plainly turned to New Jersey only after having let his claims under Pennsylvania and federal law lapse. Equitable tolling "should be applied sparingly and only in the rare situation where it is demanded by sound legal principles as well as the interests of justice." Freeman v. State, 788 A.2d 867, 880 (N.J. Super. Ct. 2002). Neither interest compels the exercise of equitable tolling where a plaintiff initially pursued his claims in the correct forum, only to forfeit them through inattention.

Accordingly, Morrett may not avail himself of equitable tolling. His claims are thus time barred.

## IV. CONCLUSION

It is difficult to believe that Greg Morrett, through counsel, is acting in good faith. In any event, Morrett has not made out that either New Jersey law or its principles of equitable tolling apply. I will thus grant Defendants' Motion and enter judgment in their favor.

***

**AND NOW**, this 22nd day of July, 2025, upon consideration of Plaintiff's Complaint (Doc. No. 1), Defendants Motion for Summary Judgment (Doc. No. 6), and all related filings (Docs. No. 7, 8, 12, 13) it is hereby **ORDERED** that:

1. Defendants' Motion for Summary Judgment (Doc. No. 6) is **GRANTED.**
2. Judgment is **ENTERED** in favor of Brightview Landscapes, LLC, and Brightview Holdings, Inc.
3. The Clerk of Court shall **CLOSE** this case.

**AND IT IS SO ORDERED.**

*/s/ Paul S. Diamond*
Paul S. Diamond, J.